## Cook Trust

*Boyd L. Spahr, Jr.* and *H. Ober Hess,* for accountant.

*Philip A. Bregy* and *John D. Lucey, Jr.,* for remaindermen.

*Albert Bartolomeo,* for Commonwealth.

SHOYER, J., January 16, 1970.—This trust arises under the deed of trust dated July 29, 1948, a copy of which is attached, whereby Mary Fuller Cook transferred her therein recited assets to Girard Trust Company, in trust, to pay the net income to settlor for life, with power to invade principal for her benefit, and on her death to pay to her executor sufficient amount to pay her debts, taxes and administration expenses, and to hold the remainder in trust, to pay one-half of the net income to Bell Bernard, and the remaining one-half and all thereof on the death of Bell Bernard in equal shares to Anna Fuller Stanton and Dilla Woodworth Coats. Upon their respective deaths, their respective share of income to be paid one-half to the Corporation of Haverford College, and one-quarter each to settlor's cousins, Edward F. Stanton and Harwood R. Stanton, or, if either is deceased, to his issue then living, per stirpes, or in default of such issue, to the other cousin or his issue, or if both cousins die without issue, to the Corporation of Haverford College. Upon the death of the survivor of Bell Bernard,

Anna Fuller Stanton and Dilla Woodworth Coats, trustee shall pay over one-quarter of the principal to settlor's cousin, Edward F. Stanton, if then living; otherwise to his issue, and one-quarter of the principal to settlor's cousin, Harwood R. Stanton, if then living, or his issue, with cross remainder to the other cousin, or such cousin's issue, and shall retain the balance of principal in trust to pay the income perpetually to the Corporation of Haverford College, to be added to the income from the J. Horace Cook Fund.

The fund being accounted for was awarded to the accountant by the adjudication of Lefever, J., dated November 26, 1957.

Settlor died April 25, 1955. Bell Bernard died April 19, 1954. Dilla Woodworth Coats died July 14, 1957.

This account was filed because Anna Fuller Stanton, income beneficiary, died April 17, 1969. She left a will upon which letters testamentary were granted to Dr. Edward Fuller Stanton, executor, by the Probate Court for the District of Hartford, Conn.

Edward Fuller Stanton and Harwood R. Stanton are living, and accountant proposes to distribute one-quarter of the principal to each of them, and to retain one-half of the principal in further trust for the benefit of the Corporation of Haverford College.

Attached hereto are the waivers by the parties in interest of a full account of income. Also attached is the copy of the notice of the Attorney General as parens patriae of gifts to charities under Rule *55, and the clearance certificate executed by James L. Price, Esq., Special Assistant Attorney General.

Albert Bartolomeo, Esq., appeared for the Commonwealth claiming transfer inheritance tax, and the awards will be made subject thereto.

The only question requiring adjudication arises out of the dispute as to whether the cost of this accounting should be charged entirely to the outgoing shares

of principal or partly to the share continuing in trust. The accountant takes credit in principal for payment of $7,000 counsel fee; $393.75 cost of filing the account, and $80.47 cost of photostats, affidavits and postage in connection with handling securities.

Counsel for the two individual remaindermen argues that this accounting covering a period from March 12, 1957, to September 25, 1969, benefits the college just as much as it does the one-half share continuing in trust. Counsel contends that since the trust for Haverford College is perpetual, this adjudication will forever free the share continuing in trust from any claims by other distributees under the will.

Counsel for the parties have frankly stated that they have been unable to find a single case directly in point.

Counsel for Haverford College cites Miller's Estate, 12 Dist. R. 719, and Lewis Estate, 49 D. & C. 173, 184, as ruling that the costs of the accounting filed because of partial termination of a trust are payable from the share of principal to be distributed. However, in Stoddart Estate, 27 D. & C. 2d 251, 12 Fiduc. Rep. 375, also cited by counsel, one-half of the costs of the partially terminated trust was charged against the outgoing share, and the other one-half was charged against income.

In Griffith's Estate, 26 D. & C. 75, cited by both counsel, the court in a very careful and comprehensive opinion said, pages 85-86:

"While there have been many cases laying down rules as to the payment of commissions, attorney's fees and other expenses, when out of principal and when out of income, *there are so many qualifications that the rules are of little value* except as applied to the particular state of facts in connection with which the rule has been enunciated.

"In general, where the trust is a continuing one, the

income should bear the burden; [cases cited]. And when the account is a final one, contemplating distribution of corpus, then that corpus should pay the expenses; (cases cited).

"But even those cases which attempt to fix a hard and fast rule are free to admit that 'equitable considerations' or unusual circumstances may require a variation: [cases cited].

"In other words, whoever has benefited by the trust's administration and the accounting should pay for it, and if both benefit, the expense should be shared in equal or unequal amounts to be determined from the facts." (Italics supplied.)

To the auditing judge the argument of counsel for the individual remaindermen has obvious merit. Haverford College and they have benefitted equally from the present accounting. Henceforth, however, all future accountings must be for the sole benefit of the college. The credits taken in the account result in the charge of the costs against principal, generally, and are allowed, in the manner and amounts so charged. . . .